**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-71 |
| STEVEN MAZZONE | : | |

### <u>GOVERNMENT'S MOTION FOR PRETRIAL DETENTION</u>

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney, and Jonathan B. Ortiz, Assistant United States Attorney for the District, hereby submits this Motion For Pretrial Detention to assist the Court in the Pretrial Detention Hearing scheduled for November 27, 2020.

The government moves for pretrial detention because the defendant is both a danger to the community and a flight risk. As currently charged, the defendant is named in a superseding indictment as a "made member" of the Philadelphia La Cosa Nostra ("LCN"), also known as the "mafia" or "mob." Mazzone, through his position as the "Underboss" in the LCN, oversaw the activities of others, including other LCN "capos," "soldiers," and "associates" that committed criminal acts on his behalf.   In addition to overseeing crimes committed by others, Mazzone was also directly involved in a number of offenses many of which are charged throughout the indictment – such as extortion, gambling and drug trafficking.   By way of his position with the LCN, and reliance upon its reputation for violence, the defendant furthered his own interests over those of the community.   If released into the community there are no reasonable conditions that can ensure the safety of the community and witnesses, and prevent the defendant's flight.   The charges against the defendant are strong and the likelihood of conviction is great.   Facing the prospect of near certain conviction and a lengthy prison sentence the defendant is a great risk of

flight and a danger to the community.   As a result, the defendant should be detained pending trial.

## I.     FACTS

In support of this motion, the government makes the following representations and proposed findings of facts:

### A.     Probable Cause and The Evidence in this Case

On November 18, 2020, a grand jury returned a superseding indictment charging the defendant with Conspiracy to Engage in Racketeering, Operating and Illegal Gambling Business, and two counts of Hobbs Act Extortion.   As such, there is probable cause to believe that the defendant has committed those offenses. The evidence in this case is strong and it will prove the following facts:

The Philadelphia LCN is a criminal organization that operates in and around the Eastern District of Pennsylvania and elsewhere.   Its members and associates engage in a variety of crimes in order to enrich themselves.   Due to its longstanding history and reputation for violence and intimidation, the LCN continues to engage in overt and implicit threats and intimidation as a means of exerting control over the criminal activities of others and in order to obtain criminal proceeds.   All members of the LCN agree to commit acts of violence on the LCN's behalf, if needed, promise to put the interests of the LCN above all other interests, and swear a solemn oath to avoid cooperating with law enforcement.   Within the LCN a defined hierarchy exists in which the lowest level members, known as "soldiers," commits crimes in order to benefit themselves and the LCN.   Soldiers are supervised in their activities by a "Capo" who is responsible to maintain control and direction of the criminal acts of the soldiers and to report to,

and provide monies to, the principal decision makers of the LCN, the Boss (who oversees the entire LCN family), the Underboss (who assists the Boss) and a Consiglieri (who provides learned advice to the Boss and Underboss).   Defendant Steven Mazzone is the "Underboss" within the Philadelphia LCN.   As currently charged, the LCN has recently been engaged in loansharking, extortion, gambling and drug trafficking, among other offenses.

As part of his position within the LCN, the defendant oversaw the activities of criminal associates of the LCN and profited from their crimes.   In that vein the defendant profited from the acts of others engaged in drug trafficking, gambling, loansharking, and in the extortion of local criminals.

The charges in this case are the result of several different law enforcement investigations that utilized, among other tools, court ordered wiretaps, undercover agents, surveillance, and the use of multiple confidential informants to uncover evidence.   Throughout the investigation the FBI has obtained hundreds of hours of recordings of the various defendants, including of defendant Mazzone.   Recordings include Mazzone directing the criminal activities of various LCN members and associates, collecting funds derived from the illegal activities of LCN members and associates, and of being directly involved in a number of crimes.

Those recordings are in addition to a lengthy recoding where Mazzone attended an official LCN induction ceremony for codefendant Salvatore Mazzone and other new LCN members. In that recording the presiding LCN official oversaw the ceremony and asked the initiant, "Now, you'll use these, for us. Right?" while pointing to a gun and a knife.   Then later stated, "If I betray this family, betray my friends, I'll burn in hell forever." The new members were then formally introduced to the LCN members that were present and participating in the

3

ceremony, including Mazzone, who was noted of having the title of "Underboss."

Following the induction ceremony Mazzone was recorded explaining how he wanted the LCN to reestablish control over the criminal activities of Atlantic City, New Jersey. Mazzone stated, "Got to get a hold back on Atlantic City, buddy! That's what I want. That's what I want. We have to get that back."   Then later, when explaining the manner in which to establish LCN control over the area, Mazzone stated, "I don't want nobody just glomming our fucking shit. You know what I mean? You understand what I'm saying? But we're still street guys. Let's face it.. . . We're fucking, we're gangsters. I mean, you know, I'm not going to let no sucker take that." Mazzone then continued to name specific known criminals who he wished the LCN to extort, named specific LCN members and associates through whom the LCN would exert control, and the manner in which local criminals would pay illegal proceeds to the LCN.

### B.   Criminal History

The defendant was convicted in 2001 of Racketeering and Operating an Illegal Gambling Business and was sentenced to a term of 108 months incarceration.   The defendant has no other known criminal history.

## II.   CONCLUSION

The defendant is a lifelong resident of Philadelphia who claims to have verifiable legitimate employment.   While a long community tie typically counsels towards potentially viable release plans, here, for the defendant they do not.   The defendant, as noted above, is a member of a longstanding criminal enterprise that relies upon its well established reputation for violence and harm in order to make money.   The defendant has sworn allegiance to that criminal enterprise which he places above all other interests in his life, including his own family.

4

Through that role, the defendant oversaw the efforts of criminal associates as they engaged in crimes such as loansharking, extortion, and drug trafficking, and engaged in those same crimes directly.   The defendant used his position, and oversight of others, to prey upon his own community through his own crimes and the crimes of others.   He oversaw crimes in Philadelphia and New Jersey and that touched upon a broad swath of conduct.   Those circumstances demonstrate that the defendant poses a significant danger to the community, if released.

Moreover as a result of his role in the enterprise and criminal conduct the defendant faces a lengthy term of imprisonment if convicted.   As a result, if released from custody, the defendant has a large incentive to flee the jurisdiction.   Therefore, the defendant has demonstrated by his participation in the charged conduct that he poses a danger to the public and a significant risk of flight if he is released.

The case against Mazzone is incredibly strong and relies upon hundreds of hours of recordings of him and his criminal associates discussing their crimes.   When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


_s/ Jonathan B. Ortiz_
JONATHAN B. ORTIZ
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 19-71** |
| **STEVEN MAZZONE** | : | |

## <u>PRETRIAL DETENTION ORDER</u>

AND NOW, this _____ day of November, 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section 3142(e) and 3142(f)(2) because:

     a.    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

     b.    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

     1.    There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 1962(d), 1955, 1951 and Title 21, United States Code, Section 846.

     2.    The evidence in this case is strong, and the likelihood of conviction is great:

On November 18, 2020, a grand jury returned a superseding indictment charging the defendant with Conspiracy to Engage in Racketeering, Operating and Illegal Gambling Business, and two counts of Hobbs Act Extortion.   As such, there is probable cause to believe that the defendant has committed those offenses. The evidence in this case is strong and it will prove the following facts:

The Philadelphia LCN is a criminal organization that operates in and around the Eastern District of Pennsylvania and elsewhere.   Its members and associates engage in a variety of crimes in order to enrich themselves.   Due to its longstanding history and reputation for violence and intimidation, the LCN continues to engage in overt and implicit threats and intimidation as a means of exerting control over the criminal activities of others and in order to obtain criminal proceeds.   All members of the LCN agree to commit acts of violence on the LCN's behalf, if needed, promise to put the interests of the LCN above all other interests, and swear a solemn oath to avoid cooperating with law enforcement.   Within the LCN a defined hierarchy exists in which the lowest level members, known as "soldiers," commits crimes in order to benefit themselves and the LCN.   Soldiers are supervised in their activities by a "Capo" who is responsible to maintain control and direction of the criminal acts of the soldiers and to report to, and provide monies to, the principal decision makers of the LCN, the Boss (who oversees the entire LCN family), the Underboss (who assists the Boss) and a Consiglieri (who provides learned advice to the Boss and Underboss).   Defendant Steven Mazzone is the "Underboss" within the Philadelphia LCN.   As currently charged, the LCN has recently been engaged in loansharking, extortion, gambling and drug trafficking, among other offenses.

As part of his position within the LCN, the defendant oversaw the activities of

criminal associates of the LCN and profited from their crimes.   In that vein the defendant

profited from the acts of others engaged in drug trafficking, gambling, loansharking, and in the

extortion of local criminals.

      The charges in this case are the result of several different law enforcement

investigations that utilized, among other tools, court ordered wiretaps, undercover agents,

surveillance, and the use of multiple confidential informants to uncover evidence.   Throughout

the investigation the FBI has obtained hundreds of hours of recordings of the various defendants,

including of defendant Mazzone.   Recordings include Mazzone directing the criminal activities

of various LCN members and associates, collecting funds derived from the illegal activities of

LCN members and associates, and of being directly involved in a number of crimes.

      Those recordings are in addition to a lengthy recoding where Mazzone attended

an official LCN induction ceremony for codefendant Salvatore Mazzone and other new LCN

members. In that recording the presiding LCN official oversaw the ceremony and asked the

initiant, "Now, you'll use these, for us. Right?" while pointing to a gun and a knife.   Then later

stated, "If I betray this family, betray my friends, I'll burn in hell forever." The new members

were then formally introduced to the LCN members that were present and participating in the

ceremony, including Mazzone, who was noted of having the title of "Underboss.

      Following the induction ceremony Mazzone was recorded explaining how he

wanted the LCN to reestablish control over the criminal activities of Atlantic City, New Jersey.

Mazzone stated, "Got to get a hold back on Atlantic City, buddy! That's what I want. That's

what I want. We have to get that back."   Then later, when explaining the manner in which to

establish LCN control over the area, Mazzone stated, "I don't want nobody just glomming our

fucking shit. You know what I mean? You understand what I'm saying? But we're still street guys. Let's face it.. . . We're fucking, we're gangsters. I mean, you know, I'm not going to let no sucker take that."   Mazzone then continued to name specific known criminals who he wished the LCN to extort, named specific LCN members and associates through whom the LCN would exert control, and the manner in which local criminals would pay illegal proceeds to the LCN.

        3.     As there is probable cause to believe that the defendant committed the charged offenses. The strength and nature of the case against the defendant, combined with the likelihood of conviction and imprisonment establishes the defendant's danger to the community and increases the risk of flight.

        Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

        BY THE COURT:


_____

HON. CAROL SANDRA MOORE WELLS
*United States Magistrate Judge*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Government's Motion for Pretrial Detention, and Proposed Order, was filed in the Clerk's Office on this date and served by electronic mail upon:

Louis Busico, Esquire

_____*s/ Jonathan B. Ortiz*_____
JONATHAN B. ORTIZ
Assistant United States Attorney

Dated: November 27, 2020