**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | **19-CR-71 (RBS)** |
| | : | |
| | : | |
| **STEVEN MAZZONE,** *et al*. | : | |

### DEFENDANTS' STEVEN MAZZONE, SALVATORE MAZZONE, JOSEPH MALONE AND LOUIS BARRETTA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SEVERANCE

**NOW COMES** Defendants Steven Mazzone, Salvatore Mazzone, Joseph Malone, and Louis Barretta (hereinafter referred to as the "Moving Parties") by and through their attorneys, and respectfully submit this motion to sever their trial from that of defendant Servidio pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a). For the reasons set forth below, severance is mandated by the spillover prejudice that will result from a joint trial with Mr. Servidio and the unlikelihood that a jury instruction would ameliorate said harm, as well as the Sixth Amendment Confrontation Clause violations that will result from a joint trial.

### Preliminary Statement

The Moving Parties were the original defendants in Group B. As the Court is aware, the Government delegated all the defendants charged with the narcotics charges in Group A and for all practical purposes the non-narcotics parties are in Group B, the Moving Parties. *See* Gov't. Letter, dated November 1, 2021. The Court should be aware that Salvatore Mazzone is *only* charged in Count One. On April 11, 20222, the Government wrote to Your Honor requesting, "…that defendants Steven Mazzone, Salvatore Mazzone,

Joseph Servidio, Joseph Malone, and Louis Barretta be grouped for trial, and that defendant Malatesta proceed to trial alone." On April 14, 2022, the Court submitted an Order granting the Government's request.

The prejudicial effect of having the four Moving Parties now tried with Mr. Servidio, who is the only individual charged with participating in a Conspiracy to Deliver Controlled Substances in violation of 21 U.S.C. §§ 841 & 846, is unavoidable. Mr. Servidio is presently serving a 15-year sentence imposed by the District of New Jersey on October 22, 2020 in *United States v. Servidio*, 19-CR-00428-RBK-1.[1]

The evidence that will be presented at trial regarding the alleged drug distribution of one defendant would ultimately cause the Moving Parties who are not charged with said counts to combat extreme prejudice.

It is clear that there will be conflicting evidence prejudicial to all parties. Specifically, as cited in the *United States v. Servidio,* 18-MJ-05509 (KMW) Affidavit filed in the U.S. District Court of New Jersey, the cooperator had recorded Mr. Servidio (a co-defendant in the instant matter) stating that criminal conduct was not encouraged. As Mr. Servidio said, "He knows that they [Philadelphia LCN hierarchy] don't want me to do nothing illegal." Mr. Servidio then allegedly assured the cooperator he "did what he wanted to." *See* Affidavit at 16. Therefore, not only would the moving parties deny any drug allegation, such evidence would be prejudicial against Mr. Servidio. The Government has alleged that Mr. Steven Mazzone is in the Philadelphia LCN hierarchy. The statements made by Mr. Servidio throughout the investigation, specifically "they" [Mazzone] don't want me to do nothing illegal, would cause prejudice for Mr. Servidio who has pled guilty

---

[1] Mr. Servidio's motion for Double Jeopardy based on the narcotics charges, that is subject to this motion is still pending before this Court.

for the exact same conduct. The government is also aware that Mr. Steven Mazzone throughout his life is against any drug dealing, and Mr. Mazzone intends to bring out such evidence especially in a trial in which Mr. Servidio's drug charges and evidence are introduced. That would of course also be conflicting evidence at trial, would prejudice Mr. Servidio, and would cause a disruption in the trial in which a jury instruction could not cure.

The moving parties are opposing the joinder, arguing that the none of them engaged in "the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," as Mr. Servidio, as required for joinder under Rule 8(b) of the Federal Rules of Criminal Procedure.

Mr. Servidio is further charged in the Superseding Indictment with participating in a Conspiracy to Deliver Controlled Substances in alleged violation of 21 U.S.C. §§ 841 & 846.  A review of the Superseding Indictment, sequenced by the dates of all the allegations against Mr. Servidio, confirms that he is not alleged to have done anything with, for, or in furtherance of a conspiracy between himself and the Moving Parties. The Moving Parties are charged with racketeering conspiracy, gambling, loansharking and Mr. Steven Mazzone is charged with extortion, but no drug charges. Hence the evidence of narcotics transactions warrant severance to all of the Moving Parties.[2]

| Date | Paragraph of the Superseding Indictment ("SI") |
|------|------------------------------------------------|
| 10/23/16 | On or about October 23, 2016, defendant JOSEPH SERVIDIO delivered to Person #5, 99 pills containing a total of 9.8 grams of |

---

[2] The Chart was originally submitted by Mr. Servidio's counsel Richard Hans Maurer, esq.

| | |
|---|---|
| | heron and fentanyl, as well as 19 electronic cigarettes containing marijuana. SI at ¶30. |
| 11/26/16 | On or about November 26, 2016, defendant JOSEPH SERVIDIO sold 300 pills containing 30.5 grams of heroin and fentanyl to an undercover law enforcement officer for $3,000. SI at ¶33. |
| 12/23/16 | On or about December 23,2016, defendant JOSEPH SERVIDIO and defendant CARL CHIANESE sold 305 pills containing 29 grams of heroin and fentanyl to an undercover law enforcement officer for $3,000. SI at ¶37. |
| 1/08/17 | On or about January 8, 2017, defendant JOSEPH SERVIDIO and defendant CARL CHIANESE sold 300 pills containing 28.4 grams of heroin and fentanyl to an undercover law enforcement officer. SI at ¶42. |
| 1/20/17 | On or about January 20, 2017, defendant JOSEPH SERVIDIO sold 300 pills containing 27.3 grams of fentanyl to an undercover law enforcement officer. SI ¶43. |
| 4/24/17 | On or about April 24, 2017, defendants JOSEPH SERVIDIO, VICTOR DELUCA, and CARL CHIANESE, along with others known and unknown to the grand jury, attempted to purchase two pounds of methamphetamine from a drug dealer in Philadelphia. After receiving fake methamphetamine from the dealer, the same defendants conspired to kidnap or murder the dealer to protect the reputation of the Philadelphia LCN. SI ¶56. |
| 5/14/17 | On or about May 14, 2017, defendant JOSEPH SERVIDIO sold 200 pills containing 18.3 grams of methamphetamine and heroin, and 102 pills containing 9.6 grams of tramadol to an undercover law enforcement officer. SI ¶63. |

| | |
|---|---|
| 5/30/17 | On or about May 30, 2017, defendant JOSEPH SERVIDIO instructed defendant VICTOR DELUCA to traffic in larger amounts of methamphetamine, as opposed to counterfeit oxycodone/heroin pills, in order to increase LCN profits from drug sales. SI at ¶65. |
| 7/21/17 | On or about July 21, 2017, defendant JOSEPH SERVIDIO sold 87 pills containing 8 grams of methamphetamine, heroin, and quinine and .47 grams of fentanyl to an undercover law enforcement officer. SI ¶71. |
| 9/25/17 | On or about September 25, 2017, defendant JOSEPH SERVIDIO sold **2** ounces of methamphetamine to an undercover law enforcement officer. SI ¶76. |

**Severance Should Be Granted As Justice Requires Under Fed.R.Crim.P. 14.**

Even if the Court deems that joinder of all defendants was proper under Rule 8, we respectfully submit that Rule 14(a) of the Federal Rules of Criminal Procedure warrants a severance of trial of the four moving defendants from that of Mr. Servidio. *See U.S. v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991); *U.S. v. Jones*, 913 F.2d 1552, 1562 (11th Cir. 1990) (both stating that Rule 14 provides remedy for prejudicial joinder even though joinder was proper under Rule 8). We respectfully request that the Court take into consideration the most recent statistics concerning national overdose deaths from opioids, which were over 68,000 deaths. Moreover, in the Philadelphia area the overdose deaths were over 1,000. Indeed, the United States Attorney for the Eastern District of Pennsylvania recently has issued at least one press release recounting the severity and harms of the opioid and heroin crisis in Philadelphia. The unwarranted prejudicial effect to

the moving defendants of having the multitude of distribution of narcotics by Mr. Servidio presented to the jury such as fentanyl, heroin and cocaine for one defendant when the other defendants are all charged with gambling, loansharking and extortion cannot be cured by a jury instruction.

## Applicable Law

Federal Rule of Criminal Procedure 14(a) states, "If the joinder of offenses or defendants in an indictment...appears to prejudice a defendant...the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). *See also United States v. Wilson*, 216 F. Supp. 3d 566, 585 (E.D. Pa. 2016). The defense must show that joinder poses a "serious risk that...would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The "critical issue" in evaluating prejudice is whether the jury can compartmentalize the evidence, considering it only for the counts it pertains to. *United States v. John–Baptiste*, 747 F.3d 186, 197–198 (3d Cir. 2014). The jury's ability to compartmentalize the evidence is affected by the complexity of the case, in terms of the number of charges and defendants, as well as the presence of technical or scientific issues. *See United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005).

## Discussion

After reviewing the discovery in the instant matters, all the defendants jointly and respectfully argue that severance is warranted to avoid substantial spillover prejudice from the highly prejudicial drug evidence against Mr. Servidio. The Government will ultimately request the Court to introduce 404(b) evidence of the narcotics transactions and prior

conviction of Mr. Servidio (which is the subject of Mr. Servidio's double jeopardy motion pending before the Court.)

### The Prejudicial Spillover of one defendant to the Moving Parties Remaining Resulting From a Joint Trial Will Prevent the Jury From Making a Reliable Determination of Guilt or Innocence

The effects of such spillover prejudice will certainly be felt when the Moving Parties will unnecessarily have to sit through "the presentation of evidence that tends to establish the more serious crimes." *United States v. Bellomo*, 954 F.Supp. 630, 650 (S.D.N.Y. 1997). In *Bellomo*, a large-scale RICO conspiracy case, the Court severed non-RICO defendants because the length of trial and the effects of the potential for spillover prejudice from "evidence about an organized crime enterprise and its operations which would not be presented at a separate trial and which is not alleged to have been part of their criminal activity." *Id.* Although a continuing criminal enterprise differs from a RICO conspiracy by definition, both offenses involve large-scale criminal organizations and thereby, are comparable for the purposes of discussing severance.

Similarly, the court in *U.S. v. Locascio* followed the language set forth in *Bellomo* stating, "the equities here weigh in favor of not subjecting these defendants to a trial with eight additional defendants in which much of the most prejudicial evidence does not pertain to them." *U.S. v. Locascio*, 357 F.Supp.2d 536, 544 (E.D.N.Y. 2004). The court continued, the "mere association" of the defendants with their RICO co-defendants would be in itself highly prejudicial and would be very difficult for a jury to avoid carrying over to them. *Id.* Like the severed defendants in *Bellomo* and *Locascio*, the Moving Parties will be subjected to a lengthy trial in which highly prejudicial drug distribution evidence against Servidio will be presented. Further, the moving defendants then would be in a position in which they

would have to consistently point to the actions of Mr. Servidio regarding drug trafficking as solely his, and distinguish themselves from such, essentially further piling on to the government's prosecution of Mr. Servidio, creating inconsistent defenses.

This is a situation in which a limiting jury instruction is not a feasible curative remedy. As both the U.S. Supreme Court and the Third Circuit have recognized, there are "some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States*, 391 U.S. 123, 135 (1968). *See also Priester v. Vaughn*, 382 F.3d 394 (3d Cir. 2004)(quoting that same passage of *Bruton*). "These complex, multi-count, multi-defendant cases would seem to constitute such a context. There are 'manifest' difficulties in cases such as this of compartmentalizing all of the independent evidence and of focusing the jury's attention on only the non-hearsay, non-excluded evidence as to each defendant and each charge." *U.S. v. Gallo*, 668 F. Supp. 736 (E.D.N.Y. 1987)(internal citations omitted). As *Gallo* explains:

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?

*Id.* at 749 (*citing United States v. Kahaner*, 203 F. Supp. 78, 81-82 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2d Cir.1963)). *See Locascio* 357 F.Supp.2d at 543.

By nature, "multi-defendant trials present difficult problems of trial management and inevitably furnish inherent opportunities for unfairness." *Spencer v. State of Texas,* 385 U.S. 554, 562 (1967). A trial of such magnitude is "far too extensive and intricate to expect

a jury would be able to discern the myriad of subtle distinctions and mental gyrations that would be required by the inevitable plethora of limiting instructions necessary." *Gallo,* 668 F.Supp. at 753.

As previously explained, the amount of evidence admitted against defendant Servidio will be more voluminous, complex and serious in nature than any evidence expected to be admitted against the Moving Parties. Specifically, the entire trial will revolve around an extensive drug trafficking conspiracy in which the Moving Parties are alleged to play "no role whatsoever." Furthermore, there will be substantial evidence relating to the cocaine, heroin, fentanyl, methamphetamine and pills containing tramadol as well as hand to hand sales, sales to an undercover. In consideration of all the evidence expected to be admitted, it would be extremely difficult for a jury to compartmentalize the small portion that the Government admittedly has stated relates to the Moving Parties. Therefore, a limiting instruction would be unable to remedy the spillover prejudice in this case and thus, a severance is warranted.

**Severance Should Be Granted to Preserve the Moving Parties Sixth Amendment Right to Confrontation**

In *Bruton v. United States,* 391 U.S. 123 (1968), the Supreme Court held that the admission of a non-testifying co-defendant's incriminating extrajudicial statements violates a defendant's Sixth Amendment right to confront witnesses against him. Generally, a witness whose testimony is introduced at a joint trial is not considered to be a witness "against" a defendant if the jury is instructed to consider that testimony only against a co-defendant and assuming the jury indeed follows said instructions. However, "'there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the

practical and human limitations of the jury system cannot be ignored.'" *Richardson v. Marsh*, 481 U.S. 200, 207 (1987) (*citing Bruton*, 391 U.S. at 135). Such a context exists where "the powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." *Bruton v. United States*, 391 U.S. at 135-136. This is a prejudice that *Bruton* addresses which cannot be remedied by a limiting jury instruction.

Furthermore, there are five co-defendants on this case. Only one – Mr. Servidio – is alleged to have been involved in selling narcotics and has made statements to an undercover law enforcement officer. If these statements are admitted at trial, and Mr. Servidio chooses not to testify, the Moving Parties will not have the opportunity to confront him as to his statements. There is a strong likelihood the Moving Parties' Sixth Amendment rights will be violated if they are tried with Mr. Servidio. Therefore, severance of the Moving Parties is warranted to preserve their Constitutional right of confrontation under the Sixth Amendment.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the moving parties be severed from the trial of Mr. Servidio.

Dated:   May 13, 2022
      New York, NY

Respectfully submitted,

_/s/ John Meringolo_____
John Meringolo, Esq.
Meringolo & Associates, P.C.
375 Greenwich Street, 7th Floor
New York, NY 10013
(212) 941-2077

   /s/ Louis Busico
Louis R. Busico, Esq.
Law Office of Louis R. Busico
133 N. State Street
Newtown, PA 18940
(215) 504-2930
*Attorneys for Steven Mazzone*

/s/ Rocco C. Cipparone Jr.
Rocco C. Cipparone, Jr.
205 Black Horse Pike
Haddon Heights, NJ 08035
856-547-2100
*Attorney for Louis Barretta*

/s/Rhonda Pantellas Lowe
Rhonda Pantellas Lowe
*Attorney for Salvatore Mazzone*

/s/ William Brennan
William Brennan
1600 Locust Street
Philadelphia, PA 19103
(215) 568-1400
*Attorney for Joseph Malone*

CC: All counsel (via ECF)